UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZION ALEXANDER,

                        Plaintiff,                    **OPINION AND ORDER**

      v.                                                   24-CV-8813
                                                                (Gujarati, J.)
CITY OF NEW YORK, *et al.*,                        (Marutollo, M.J.)

                        Defendants.

-------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      *Pro se* Plaintiff Alexander Zion, incarcerated in the George R. Vierno Center on Rikers Island, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of certain constitutional rights. Dkt. No. 1 at 1; Dkt. No. 1-2 at 1.[1] Plaintiff alleges that he suffered injuries including several cuts, stomach ulcers, acute damage to his kidneys, loss of memory, and trauma from treatment he received at Bellevue Hospital in Manhattan and while incarcerated on Rikers Island. Dkt. No. 1 at 3.

      For the reasons set forth below, the action is transferred to the United States District Court for the Southern District of New York.[2]

**I.     Background**

      Plaintiff filed the above-captioned *pro* se complaint in this Court against Defendants on December 20, 2024. Dkt. No. 1. Plaintiff is currently incarcerated in the custody of the New York City Department of Correction on Rikers Island. *Id.*

---

[1] Page citations are to ECF-stamped pages unless otherwise noted.
[2] "Because a motion to transfer venue is non-dispositive, this Court will adjudicate it by order pursuant to 28 U.S.C. § 636(b)(1)(A), rather than by issuing a report and recommendation." *Mulgrew v. U.S. Dep't of Transportation*, 717 F. Supp. 3d 281, 284 (E.D.N.Y. 2024) (collecting cases).

Plaintiff alleges that he attempted suicide by ingesting "10-15 pills" on November 27, 2024 while incarcerated on Rikers Island. Dkt. No. 1 at 4. Plaintiff was subsequently transferred to Bellevue Hospital for treatment. *Id.*

Plaintiff contends that two doctors treated Plaintiff at Bellevue Hospital. *Id.* He alleges that the doctors briefly assessed him "without writing notes and rudely cutting off Plaintiff several times while Plaintiff attempted to provide the reason why he want[ed] to be admitted." *Id.* Plaintiff further states that the doctors "refused to listen and consider [his] side of events." *Id.* After two doctors attended to Plaintiff, he was released back to Rikers Island. *Id.* Plaintiff asserts that he was released despite his statements to the doctors conveying that he felt unsafe, confused, and had lingering thoughts of suicide. *Id.* Plaintiff further alleges that "if [he] were to return to Rikers, he would plan his next suicidal attempt, in efforts to be successful this time." *Id.*

The complaint seeks declaratory judgment, injunctive relief, and damages against Defendants. *Id.* at 16.

## II.   **Legal Standard**

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

A district court may transfer a case filed in the wrong district to any district in which it could have been brought. 28 U.S.C. § 1406(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404. *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative."). A court may transfer venue on motion from either party or *sua sponte*. *See Lead Indus. Assoc., Inc. v. OSHA*, 610 F.2d 70, 79-80 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*.").

District courts in the Second Circuit "appl[y] a two-part test to motions to transfer venue under § 1404(a)." *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 179 (E.D.N.Y. 2023) (citation omitted). "The initial inquiry is whether the case could have been brought in the proposed transferee district." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). "An action might have been brought in the forum to which the movant seeks to transfer it if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing." *City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*, No. 14-cv-3644 (VSB), 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015) (quotations omitted); *see also Giuliani, S.p.A. v. Vickers, Inc.*, 997 F. Supp. 501, 502 (S.D.N.Y. 1998) ("[T]he court may transfer pursuant to § 1404(a) only if the transferee forum is one where, at the time the suit was brought, the defendants were subject to jurisdiction and venue was proper.").

If that threshold inquiry is satisfied, the Court proceeds to the second step. *See Rare Breed Triggers*, 669 F. Supp. 3d 179. "To that end, the court may consider a host of equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant

documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Id.* (quotations and citations omitted). These factors are "non-exclusive" and the "relative weight of each factor depends on the particular circumstances of the case." *Id.* (quotations and citations omitted).

"Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Nat'l Experiential, LLC v. Nike, Inc.*, No. 20-CV-3197 (ENV) (SIL), 2021 WL 9678642, at *3 (E.D.N.Y. July 31, 2021) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)) (cleaned up). A court has the power to transfer venue even if it lacks personal jurisdiction over the defendant. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001).

**III.    Discussion**

Transfer of this action to the Southern District of New York is appropriate. The events giving rise to the complaint occurred at Bellevue Hospital in New York County, within the Southern District of New York. *See* 28 U.S.C. § 112(b). To the extent events occurred on Rikers Island, venue is similarly appropriate in the Southern District of New York. *See* 28 U.S.C. § 112(b); *Keish v. New York*, No. 17-CV-7567 (MKB), 2018 WL 2943567, at *2 (E.D.N.Y. June 12, 2018) (finding that Rikers Island is located within the Southern District of New York); *Henry v. Murphy*, No. 17-CV-5852 (VSB) (BCM), 2018 WL 7291456, at *2 (S.D.N.Y. Oct. 31, 2018), *report and recommendation adopted*, 2019 WL 289865 (S.D.N.Y. Jan. 23, 2019) ("Rikers Island [is] within the Southern District."); *Mulgrew*, 717 F. Supp. 3d at 287 (finding proper venue and

transferring case to judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred"). In short, the Court finds it to be in the interest of justice to transfer the case to the United States District Court for the Southern District of New York. 28 U.S.C. § 1406(a).

Furthermore, applying the two-part test used for transfer of venue *sua sponte* under 28 U.S.C. § 1404(a) yields the same result. *See Rare Breed Triggers*, 669 F. Supp. 3d at 179 (citations omitted) (outlining test); *see also Barnet*, 236 F.R.D. at 164 (stating the district court can *sua sponte* transfer venue under 28 U.S.C. § 1404(a)); *Lead Indus. Assoc., Inc.*, 610 F.2d at 79-80 n.17 (same).

First, as explained above, Plaintiff's claims could have been brought in the Southern District of New York. *Mulgrew*, 717 F. Supp. 3d at 287 ("At bottom, Plaintiffs' entire challenge is rooted in claims arising in the Southern District of New York. Thus, the Southern District of New York is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" (internal citations omitted)).

Second, there can be no dispute that eight of the nine equitable factors favor transfer. *See Rare Breed Triggers*, 669 F. Supp. 3d at 179 ("the court may consider a host of equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice" (internal quotations and citations omitted)).

The only factor that may weigh against transfer is considering "the weight accorded to plaintiff's choice of forum." *Id.* But Plaintiff's choice of forum is not dispositive, especially since the operative facts here are not tied to this district. "To be sure, the Court recognizes that a plaintiff's choice of forum is accorded considerable weight in the § 1404(a) balancing test." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 748 (S.D.N.Y. 2013). "But that choice merits less deference 'where the connection between the case and the chosen forum is minimal.'" *Id.* (quoting *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 401 (S.D.N.Y. 2010)); *see also D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 323 (S.D.N.Y. 1996) ("[A]lthough a plaintiff's choice of forum is generally given substantial weight, this presumption does not apply in cases such as this one where there is little material connection between the chosen forum and the facts and issues of the case").

Ultimately, the operative events took place in two locations—Bellevue Hospital and Rikers Island—that are subject to the jurisdiction of both the Eastern and Southern Districts of New York. Transfer is therefore appropriate.

**IV.    Conclusion**

For the foregoing reasons, considerations of fairness, efficiency, and justice favor transferring this dispute to the Southern District of New York. The Clerk of the Court is respectfully directed to transfer this case to the United States District Court for the Southern District of New York.

Action as to Plaintiff's failure to pay the filing fee or to request to proceed *in forma pauperis* is reserved for the transferee court. This Court offers no opinion on the merits of the claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. Summons shall not issue from this Court.

Dated:   Brooklyn, New York        **SO ORDERED.**
         January 8, 2025

                                                                */s/ Joseph A. Marutollo*
                                                   JOSEPH A. MARUTOLLO
                                                   United States Magistrate Judge