UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZION ALEXANDER,

                      Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                      Defendants.

1:25-CV-0284 (RA)

ORDER OF SERVICE

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Zion Alexander, who is currently held in the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983, and seeking damages and injunctive relief.[1] He sues: (1) the City of New York; (2) "NYC Health & Hospitals/Correctional Health Services (Bellevue Hospital)," which the Court construes as NYC Health + Hospitals ("H+H"); (3) "Jhon Doe (Psy. D) #1," an unidentified individual defendant the Court construes as a psychiatrist or other physician employed by H+H at NYC Health + Hospitals/Bellevue (formerly known as the Bellevue Hospital Center) ("Bellevue"); (4) "Jhon Doe (Psy. D) #2," another unidentified individual defendant the Court construes as another psychiatrist or other physician employed by H+H at Bellevue; and (5) Correction Officer DeJesus, who appears to be assigned to the George R. Vierno Center ("GRVC") on Rikers Island. The Court understands the complaint as asserting claims under Section 1983 and under state law.

    By order dated February 12, 2025, Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the

---

[1] Plaintiff originally filed this action while held in the George R. Vierno Center, also on Rikers Island. He initially filed this action in the United States District Court for the Eastern District of New York. That court thereafter transferred the action to the Southern District. *See* Op. & Order, ECF No. 3.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court adds, under Rule 21 of the Federal Rules of Civil Procedure, "Adam" (a health-care provider who is assigned to the GRVC) and Correction Officers Jackson and Thompson (who are also assigned to the GRVC) as defendants in this action. The Court requests that the City of New York and Correction Officers DeJesus, Jackson, and Thompson waive service of summonses. The Court directs service on H+H. The Court also directs counsel for H+H to provide Plaintiff and the Court with the full identities of "Adam" and of the two other unidentified individual psychiatrist/physician defendants described above, as well as their service addresses.

## DISCUSSION

A.    "Adam" and Correction Officers Jackson and Thompson

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added individual defendants in actions whether the complaint mentions them "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 1:19-CV-5009 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019). A court may also add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 1:21-CV-7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not name "Adam" and Correction Officers Jackson and Thompson as defendants. Because Plaintiff seems to assert claims against these individuals by making allegations against them, *see* Complaint 8–9, ECF No. 1, at 8-9, however, it appears that Plaintiff intended to name them as defendants in this action. In light of Plaintiff's *pro se* status and his allegations against these individuals, the Court reads Plaintiff's Complaint as asserting claims against these individuals. Accordingly, the Court directs the Clerk of Court to add as defendants in this action, under Rule 21, "Adam" and Correction Officers Jackson and Thompson. This amendment is without prejudice to any defenses these individuals may wish to assert.

**B.     The City of New York and Correction Officers DeJesus, Jackson, and Thompson**

The Court directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the following defendants waive service of summonses: the City of New York; Correction Officer DeJesus, who was assigned as Plaintiff's suicide-watch officer between December 2 and 4, 2024, while Plaintiff was held in the GRVC; Correction Officer Jackson, who was assigned as Plaintiff's suicide-watch officer on December 6, 2024, while Plaintiff was held in the GRVC; and Correction Officer Thompson, who was present during Correction Officer Jackson's assignment as Plaintiff's suicide-watch officer on December 6, 2024 and while Plaintiff was held in the GRVC.

**C.     Service on H+H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on H+H until the Court reviewed his Complaint and ordered that a summons be issued for H+H. The Court therefore extends the time to serve H+H until 90 days after the date that any summons issues for H+H.

of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on H+H through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for H+H. The Clerk of Court is further instructed to issue a summons for H+H and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on H+H.

If a summons and the complaint is not served on H+H within 90 days after the date that the summons for H+H is issued, Plaintiff should request an extension of time for service on H+H. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**D.      "Adam" and the Other Unidentified Individual Psychiatrist/Physician Defendants**

Pursuant to *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court with respect to learning the full identity and service address of an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In his Complaint, Plaintiff supplies sufficient information to permit H+H to identify "Adam" and the other unidentified individual psychiatrist/physician defendants. It is therefore ordered that counsel for H+H must ascertain the full identities and service addresses of "Adam" and the other unidentified individual psychiatrist/physician defendants. "Adam" is a health-care provider who was assigned to the GRVC's "mini clinic" between December 2 and 4, 2024, when Plaintiff and Correction Officer DeJesus were present there. The other unidentified individual psychiatrist/physician defendants are the two physicians assigned to Bellevue who assessed and/or examined Plaintiff when he arrived at Bellevue on November 27, 2024. Counsel

for H+H must provide these individuals' full identities and services addresses to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their service addresses. The amended complaint will replace, not supplement, Plaintiff's original complaint. The amended complaint form that Plaintiff should complete is attached to this Order. Once filed, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff. The Court also directs the Clerk of Court to add "Adam" and Correction Officers Jackson and Thompson as defendants in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The Court further directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the following defendants waive service of summonses: the City of New York; Correction Officer DeJesus, who was assigned as Plaintiff's suicide-watch officer between December 2 and 4, 2024, while Plaintiff was held in the GRVC; Correction Officer Jackson, who was assigned as Plaintiff's suicide-watch officer on December 6, 2024, while Plaintiff was held in the GRVC; and Correction Officer Thompson, who was present with Correction Officer Jackson during his assignment as Plaintiff's suicide-watch officer on December 6, 2024 and while Plaintiff was held in the GRVC.

The Court directs service on NYC Health + Hospitals. The Court therefore respectfully directs the Clerk of Court to: (1) issue a summons for NYC Health + Hospitals; (2) complete a

USM-285 form with the service address for NYC Health + Hospitals; and (3) deliver all documents necessary to effect service of a summons and the complaint on NYC Health + Hospitals to the USMS. The Court also directs the Clerk of Court to mail a copy of this Order and of the Complaint to counsel for NYC Health + Hospitals at 50 Water Street, 17th Floor, New York, New York 10004.

    An amended complaint form is attached to this Order.

SO ORDERED.

Dated:   March 19, 2025
           New York, New York

_____
RONNIE ABRAMS
United States District Judge

## SERVICE ADDRESS FOR A DEFENDANT

NYC Health + Hospitals
50 Water Street
17th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.  **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II. **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name   Middle Initial   Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City   State   Zip Code

III. **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 2:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 3:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 4:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6