UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZION ALEXANDER,<br><br>                              Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 1:25-CV-284 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Zion Alexander, who is currently held in the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se*, asserting claims of federal constitutional violations under 42 U.S.C. § 1983, and seeking damages and injunctive relief. By letter dated April 4, 2025, Plaintiff requested that he be provided with his original Complaint, requested an extension of time to file an amended complaint, and moved for appointment of *pro bono* counsel.

Plaintiff's request to be provided with this original Complaint is granted. The Complaint is attached to this Order.

Because Plaintiff's amended complaint is not due until thirty days after he receives the full names and addresses of the John Doe Defendants, Plaintiff's request for an extension is denied without prejudice. If Plaintiff needs an extension after receiving the full names of Defendants, he may file a new request for an extension at that time.

Plaintiff's request for appointment of *pro bono* counsel is also denied without prejudice to renewal. In considering whether to appoint *pro bono* counsel, the Court considers the "merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel." *McBride v. C&C Apartment Mgmt.*, No. 21-CV-2989 (RA), 2021 WL 2077818, at *1 (S.D.N.Y. May 24, 2021). Of these, the merits is the "factor which

command[s] the most attention." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). "Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date." *McBride*, 2021 WL 2077818, at *1.

The Clerk of Court is respectfully directed to mail a copy of this Order and the attached Complaint to Plaintiff.

SO ORDERED.

Dated:    April 14, 2025
          New York, New York

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZION ALEXANDER

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

The City of New York... etc

NYC Health & Hospitals / Correctional Health services
(Bellevue Hospital)

Jhon doe (psy. D) #1

jhon doe (psy. D) #2

C. D DeJesus

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 0 2024 ★

BROOKLYN OFFICE

COMPLAINT

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes  ☐ No

(check one)

— cv —

I.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name ZION Alexander
ID # 441 2303517
Current Institution GRVC
Address 09-09 HAZEN Street, East Elmhurst, Queens, NY 11370

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name The City of Newyork   Shield #_____
Where Currently Employed _____
Address _____
_____

*Rev. 05/2010*                    1

Defendant No. 2    Name _Bellevue Hospital_    Shield # _____
Where Currently Employed _462 1st Ave_
Address _New York 10016 / 55 Warters Street_
_18th Pl, NY, NY, 10041_

Defendant No. 3    Name _[Psy. D] Jhon Doe #1_    Shield # _____
Where Currently Employed _New York, 462 1st Ave_
Address _10016 (Bellevue Hospital) Cpap (Psychiatric) unit_
_~~55 Warters Street 18th Pl, NY, NY, 10041~~_

Defendant No. 4    Name _[Psy. D] Jhon Doe #2_    Shield # _____
Where Currently Employed _CPAP (Psychiatric) unit_
Address _462 1st Ave, 10016_
_Bellevue Hospital_

Defendant No. 5    Name _~~officers~~ De Jesus_    Shield # _N/A_
Where Currently Employed
Address _09-09 Hazen Street, East Elmhurst_
_11370, Queens._

## II.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
_GRVC / Bellevue Hospital, Rikers Island, G.R.V.C,_
_13A, M9n° Clinic_

B.    Where in the institution did the events giving rise to your claim(s) occur?
_Bellevue Hospital, Cpap / Cpas, Pcaph unite GRVC —_
_Rikers Island_

C.    What date and approximate time did the events giving rise to your claim(s) occur?
_On 11/27/2024 Between 2:00pm to 10pm_

D.  Facts: *Please SEE Attached papper work.*

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

*PlEASE SEE AttAched pApPER work*

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. *Several violations of Constitution Rights Such AS Eighth, fourth and 18th Amendments. Several Cuts on left Arm, Stomach ulcers flare ups from Ingesting Several pills. Acute damage to kidneys, Loss of memory from falling, Trama from almost fatal Events.*

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _✓_  No ____

*Rev. 05/2010*                          3

Case 1:25-cv-00284-RA Document 117 Filed 12/04/25 Page 6 of 23

* ATTAched papper work

11/28/2024

On or About, In the Hospital on 11/27/2024 Appop: (4pm-9pm) "2 Jhon doe psych doctors, Intentionally and deliberatly Deprived me, of poor mental Health Attention of Admittance, By Going Against All Evidence of plaintiffs Emergency Sucidal Attempt Here on Rikers Island, where plaintiff Successfully swallowed 10-15 pills In direct observation [ A Teechnical Overdose ] "while on suicide watch here on rikes Island due To Failed Adequate Supervison and intervention of plaintiff on Correction officers and, which leed me to be rushed To Bellevue hospital on 11/27/2024 Arond 2pm under (CSN # 16744873) and MRN # (3828555) The Jhon doE #1 Psych doctor, Short Fair skin Compleexion and Jhon doe #2 psych doctor Tall dark, Complexion Glasses short hair, possibly From a diffrent Exhnic Baegarod ("Please Requst records for I was Not Affored the doctors Names") Asseseted me Briefly without, writting notes and rudely Cutting off plaintiff several times while plaintiff Attempted to procive the reason why he wants to be Admitted. The 2 doctors Refuseed to Listin and Consider plaintiff side of events, The 2 doctors shortly Concluded to Immidiatly send / Return plaintiff Biek To rikers Island (Currantly An unsafe Ennorment) were plaintiff overdose Arose From. Eventhough plaintiff Continued to Express NOT Feeling sAfe Confused and Currently experincing suicidal Idealatton's to the point, If plaintiff were to Return To Rikers He would plan his Next Swicidal Attempt, In Efforts to Be successful this time.

Case 1:25-cv-00284-RA Document 17 Filed 04/24/25 Page 7 of 23

The underminded determination of Events, should Have Contributed to plaintiffs · Admittance to Bellevue Psy ward. The 2 Psych doctors Also failed to Notify and Explain the discion behind their denial of Admittance.

These Events deprives plaintiff's of Consitutional Rights by deneying me to proper Adequate treatment and civil right to NOT BE Discriminated Against, Deprived of life, When Both Jhon doe doctors knew to an Extent where I seriously Injured My self under Custody's Care and observation, which allowed plaintiff to digest 10-15 pill I A Suicide Attempt under plaintiff Grief to losing his mother. Its sAfe to Conclude that plaintiff May NOT Be sAfe In the Care of Rikers Island, since plaintiff, Continuosly Causing serious Harm to Himself, that Could lead to death, AN serious Intervention Is Needed, which Is why plaintiff was transferred to bellevue In the first place. But the discriminatory Against plaintiff observation Caused by Illegal Biased Ability to Communicate Effectively which made the doctors Belive the doesnt Need mental Health Care, which Is unduly unfair under the Circumstances of plaintiffs Actions that occured and still occurs and serious wishes to End ones life. Its Contridictory to determine to send The plaintiff who overdosed In A serious Attempt to kill himself, Back to the setting that Contributed And Allowed This Attempt and Behavior to happen In the first place. It's more than likely an Conspiracey where plaintiff Faces In Custody where D.O.C and doctors Act under the presumption that Inmates/prisoners Constantly

deliberate Fabricate symptoms. to Achive To Be Hospitalized because Their Theroy Belives that Hospitals Are Better than jails.

The Conspricay The Than doo doctors relyed on, IF Plaintiff Had His "Liberty" His outcome undoubtly would of been different, "mental Health Care" Is Not A optional Essential, It's An Essential Right, no one should have to go/plead under hardship or drastic Senarios For Rights that Are given, when one may need or warrant mental Health help, one should **not** be deprived, simply Because of AN opinion Against Rigious Facts. This Is Common For Bellevue To Constantly over look it's patiences (plaintiff) For Reasons That may never Be revealed, "Hints" Abuse of discrection simply Because plaintiff Asked For help, They Simply denied It.

Eventhough A psch may weild total power of discretion that dosent give the doctor the right to Abuse It By picking and choosing who needs to be Admitted simply By the Apperance of patient / plaintiff. plaintiff (Zion Alexander) Also Argues due to "Extreme Emotional Distress, Several suicide Attempts (Recorded on record of HIPPA) Even while on 1 to 1 watch due to A Seperate, Earlier suizidal Attempt, Plus Rikers poor Efforts to keep "plaintiff" safe, He Expressed willingness (voluntary) wishes to Accept to "Go up 4/3 Stairs and participate In His Recovery" For He desprutly depends on the doctors Help. plaintiff Continues to Constantly argue

4 of 10

His regards To Commit Suicide IF He was to Return to Rikes Island. The deporation Effected Plaintiff by overlooking obvious sighns and Inadvertly Placeing plaintiff In Harms way By sending him to Rikes, the previous place that allowed and Continue to allow MR Zion Alexanders to Commit sucide while In custody, Also Failing To Superse plaintiff and Properly Screen Him, As A propper proceedure by Psch doctors. For Exsample Consider the doctors, "poor Efforts" to Review MR. Zion's Entire charts And clear wishes to stay at Bellevue Because rightnow He Cannot Control His urges, Also Conside The Jhon doe doctor # 1, who completely disregarded the plaintiffs whishes By walking out mid-Convosation lacking Any deep Concern to listen For the safty of MR. Alexander. Again, Effecting MR Alexanders Rights, By unusal procedines, and Intentional deporation of MR Zion's (Const. Rights).

This Is not proper protocol for a patient who has A History of suicidal Attempts, This Is 2 psych doctors who Illegally Judged him Because/Plaintiff Is In D.O.C Custody A pretrial detainee, who they beline should not Have Any Rights to Appropriate/medical/mental Health care (simply because one Is In Custody) / (deprived liberty) In a attempt to forcefully keep MR Zion In a unsafe unsupervised setting knowingly Against Violating Mr. Zions Const. Rights.

1

## RIKERS

Intentional Deliberiate Indiffrent, Denied of fair and Adequate Medical Care Bych. while In Custody of States City's Jail. Intentionally Medically Neglegent twords plaintiffs who Is Currnently undergoing Symtoms of AN Active sucidal Attempt of Ingesting ≈ 20-30 pills [ OVER DOSE ].

Several times plaintiff Attempted to End's one life and then be denieed proper and Adequate medical and psch, Care while In the Care and Custody of Rikers Island.

On December 06th 2027

Plaintiff's watch officer, Jackson and witness Correctional officer Thompson (Both Badge # unknown) At or Around The Hours of 7:45pm - 9pm, Plaintiff, Inside Jail GRVC, unit 13A In the dayroom right Next to the pantry, on Camera Told officer, "Thompson" I Need help for the Voices are telling me to Kill myself then proceeded to Ingest 15-20 pill Infront of Both (Listed Above) officers while officers Said to plaintiff ("we dont care go Ahead AND Take and Swollow em, Kill your self") Plaintiff Asked For producement to be taken to Clinic to be abserved and Cared For. The Two officers refused to Contact, transfer or Report plaintiffs Injuries and well bein to Any doctor or professional

Proving the Negligence and Intentional Indiffrence twords plaintiff, who Clearly Needed help At the time and Should of have, had the chance to $ see A Medical doctor. Note plaintiff Never were to this DAY produced Infront of Any doctor.

12/02-04/2024   ≈ 6:00pm - 7:pm
Another date : ~~12/04/2024~~

Plaintiff was Called FoR "Dot" At the Mini Clinic Inside of Jail GRVC (Next to 11 A/B unit) Again plaintiff On Camera Inside of Mini Clinic Appeared Infront of Doctor or Medical provider (Belives his name Is "ADAM") Plaintiff Swallowed 15-20 pills, Cut His Left Arm with glass and drunk rubbing Atcholol In A raging Mental Episode, where he intended to End one's life. Officer (Dejusens His watch officer At the time Intervined and took the bottle out of plaintiffs hands in an attempt to prevent Anymore harm) Doctor "ADAM" Alleges to He will Not Help or Contact Help or doctors despite plaintiff unhealthy Actions, In A Deliberate Attempt to Harm plaintiff's Rights And Livelyhood As A human bain, Theirfore An grave Indiffrence For A Medical professional to Not Assist or Interviene or help A person, where In this Case The plaintiff (ZION, ALEXANDER). These Actions must exclude from Personal and zealuos Intentions that Goes Against policy and Somehow still Allowed plaintiff to engrave them. Please Ignitiate A Innestagation For I pAssed out during events and my Memory is Effected.

Rikers shall Be Held liable For their Actions of their Employee's (correction officers) For failing To prevent their Employees Neglectful and Indiffrent Actions twords plaintiff, BECause If Rikes Had A Stricter OR ZEROtclearance for Such behavior A Neglectful Action Intended twords A (P.I.C) [person In custody] (plaintiff In this case) Could have been Avoided altogather. Its Almost As If the Correction officers Could violate any rule or Constitutional Rights of (P.I.C's) AND Beare No liability at any cost at all.

Rikers Island has A duty to render and give All Nessasary medical treatment to thoes In Custody for Plaintiff Is Not At liberty, for Rikes Island to Not Bair In AN Enforceful policy / remedy to AId thoes who Are In extreme danger to one's self Is A Grave Indiffrence In It's self.

The Supervision of Rikers Island Is deemed unsafe FOR the Plaintiff, who Is currently suicidal and vigorusly still attempting suicide. FOR essample Correction officers are not allowed to administer medication or intervine in with a person In custody lacking Immidate vident behavier twords another, due to this Rikers may fail again to keep Mr. Alexander safe from him self for It's policy and their other failed attempt that are recorded In the past.

In the event of Mr. Alexanders safty the psych doctors should have the burden of liability for allowing the plaintiff to kill hinself Back at Rikers and failing to supervise him In a appropiate setting regardless of current observation, but due to His extensive History and Rikers pour supervison His Life and safty should not be taken lightly their for plaintiff deeply denies any opinion or ruling that the 2 from doc psych doctus may have concluded.

Case 1:25-cv-00284-FRA   Document 17   Filed 10/24/25   Page 14 of 23

Every defendant listed acted In Accordance to Color of the state Law; for the purposes of Diabolicly, deliberatly, violating Plantiff's 8TH and 14th Amendments, By not taking the Injuries of plantiff Seriously; Depriving him (plantiff of Life and Liberty)

(Right to Adequate medical care)

By the 2 psych doctors knowingly and Negleegently Sending (plaintiff) Back TO Rikers Island, the same place when plaintiff under survilance, Almost Committed suicide, and Currently Still trying to End Hi's life by pill's and other serious Harm. where psych doctors Have A duty to make sure that Patients Have A SAFE "discharge"/disposition" to go to. Its more then Clear to determine "Rikes" Is Not Currently safe or Adequate for (plaintiff), But The 2 doctors (psych) Still Continued to discharge him Even though they knew it was A high probability to send Him BACK ("Cruel & unusal") For A licenced doctor To Send patient Back to Envirment thats unstable and SAFE For plaintiffs serious Attempts to End ones life.

The doctors of Rikers and Bellevue Constantly goes Against "Protocol and proper proceadure", by observing the patitent to the extint that they relay on the Appearence of plaintiff and Not the words OR Actions plaintiff may Presenting which Is "Non" reasonable For doctors to Do esspecially If plaintiff had his liberty and was able to Attened a Clinic or A Emergency room

                                                    liberty
IF Plaintiff Had His liberty, The outcome would
of been In the safety of Plaintiffs life. Plaintiffs
"Equal protection" Rights were also "A direct violation of that
For Rikers did not want to seek A Hospitalization
of plaintiff that would of and could of prevented
His later Attempts and prevented any Injuries from
Occuring.

I ASK to weight these Accusations Against
The Turner Test to see If Incarcerated
Individuals Should Have Involuntary and voluntary Admissions
To Psychye Hospitals? For I may have Avoided any Attempt
and damages If I could of Excersied my right's and
Voluntary admitted myself for proper Care.

As the behavior of defendants were "deliberate Indifference"
were they (psychch) doctors Known or Should have known
that their jis a substantical risk of harms that Sending
me back to "rikers" would violate my Constitutional rights and
they also fail to fix or Remedey thoes harms.

Exhibit  "A"



← Proof of my Admissions
At Bellevue Hospital
And CASE # To Lookup
And Investigate.

I Ask the cart to
Initiate A Investigation
to find out who the defendants
Are   Hopefully "Exhibit" "A", will
Help!

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Bellevue Hospital /D.O.C Unit.*

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes _____   No _____   Do Not Know _✓_

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes _____   No _____   Do Not Know _✓_

   If YES, which claim(s)? _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes _____   No _✓_

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes _____   No _✓_

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

   _____

   1.     Which claim(s) in this complaint did you grieve? _____

   _____

   2.     What was the result, if any? _____

   _____

   3.     What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

   _____
   _____
   _____
   _____

F.      If you did not file a grievance:

   1.     If there are any reasons why you did not file a grievance, state them here: _____

   *Not Sure If It Covers Hospital's*

   _____
   _____

   2.     If you did not file a grievance but informed any officials of your claim, state who you informed,

*Rev. 05/2010*                                           4

when and how, and their response, if any:_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____
_____
_____
_____
_____
_____
_____

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _Plaintiff SEEKS $2,000,000 FOR Compensation of Injuries and violation or civil / Const Rights and or The derank / Liciuse Yremoval of doctors Involed or Any other Right For defendants To Free. where plaintiff Freedom / Liberty Is restraint, The Custodian / Custody Supervisor Bears All Liability to Make Sure Custodian Recives Adequate mental / psyhical Health treatment, even Self Inflictyd Injuries._
_____
_____
_____
_____
_____
_____
_____

## VI.  Previous lawsuits:

| On these claims |
|---|

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No ✓

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

| On other claims |

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ✔ No ____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _Zion Alexander_____

Defendants _New York City and coprate Counsel et...._____

2.   Court (if federal court, name the district; if state court, name the county) _____
_Northern & Southern_____

3.   Docket or Index number _1:24-CV-8084 / 1:24-CV-8083_

4.   Name of Judge assigned to your case _Unsure At Moment_

5.   Approximate date of filing lawsuit _≈ 10/25/2024_____

6.   Is the case still pending? Yes X No ____
If NO, give the approximate date of disposition _N/A_____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _pending_____
_____

*Rev. 05/2010*                                    6

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of November , 20 24 .

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Inmate Number | 441 23 03517 |
| Institution Address | 09-09 Hazen street |
|  | Queens Newyork 11370 |

**Note**: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 11th day of December , 20 24 , I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Zion Alexander (4412303537)
09-09 Hazen street,
EAST Elmhurst, Newyork, NY,
Queens 11370

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 0 2024 ★

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 0 2024 ★

BROOKLYN OFFICE

UNITED States DIstrict Court
BROOKLYN OFFICE
EASTERN DIstrict of New York
225 Cadmen PlazA EAst, Brooklyn,
Newyork, 11201
ATTN: PRO SE OFFICE

USMS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Zion Alexander  4412303517<br>GRVC 09-09 Hazen Street,<br>East Elmhurst, Queens NY 11370 | The City of New York; NYC Health & Hospitals/ Correctional Health Service (Bellevue Hospital); Jhon Doe(psy. D) #1; Jhon Doe(psy. D) #2; C.O. Dejesus |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se Plaintiff (see above)

Attorneys *(If Known)*

**Gujarati, J.**
**Marutollo, M.J.**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes [ ]  No [x]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[x] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 1983

Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE  DG-JAM    DOCKET NUMBER  24-cv-07765-DG-JAM

DATE
12.20.2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☐ Yes  ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☑ Yes  ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:                        .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____☐ Yes    ☐ No_____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐  Yes          ☐  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐  Yes   (If yes, please explain    ☐  No

I certify the accuracy of all information provided above.

**Signature**: _____