**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
ZION ALEXANDER,

                              Plaintiff,                               <u>ORDER</u>

                 -against-                        **25-CV-284 (RA) (JW)**

THE CITY OF NEW YORK, et al.,

                             Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

       This case was referred for general pre-trial. Dkt. No. 34. The Court makes the following orders:

## I.       Plaintiff's Obligation to File an Amended Complaint

       Judge Abrams had issued <u>Valentin</u> orders, directing defendants NYC Health + Hospitals ("H + H") and/or the City of New York (the "City") to identify the names and service addresses of the unknown defendants. Dkt. Nos. 12, 21, 24, and 27. Defendant H + H submitted a letter identifying Souparno Mitra, M.D. and Aaron Garcia, D.N.P. as two of the John Doe defendants. Dkt. No. 23. The City submitted a letter identifying Officers Hasani Thompson, Shield # 19121; Anthony DeJesus, Shield # 6035; and Willie Jackson, Shield # 7711. Dkt. No. 32. Both H + H and the City were unable to identify the defendant "Adam."

       Plaintiff must file an amended complaint, no later than October 31, 2025, naming the newly identified individuals as defendants and providing their service addresses.

## II.    Plaintiff's Responsibility to Advise the Court of a Change of Address

A copy of Judge Abrams' July 27, 2025 order was Plaintiff had been returned to sender as undeliverable. Plaintiff is reminded that he must notify and provide the Court with a new address when his address changes. See Local Rule 1.3(l). Otherwise, his case may be dismissed.

## III.    Plaintiff's Request for Pro Bono Counsel

Plaintiff, in his August 3, 2025 letter, made a second "request [for] a pro bono lawyer," because he is "currently an incapacitated person under § 730.30 and confined in a hospital, strictly for rehabilitational reasons," and has little if any access to a law library. Dkt. No. 33 at 2–3. Plaintiff first made this request to Judge Abrams on April 9, 2025. Dkt. No. 16. The request was DENIED without prejudice. Dkt. No. 17. For the following reasons, Plaintiff's renewed request is also DENIED without prejudice.

 When determining whether to appoint *pro bono* counsel, the Court considers "merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel." McBride v. C&C Apartment Mgmt., No. 21-CV-2989 (RA), 2021 WL 2077818, at *1 (S.D.N.Y. May 24, 2021). The "merits of the case" is the "factor which command[s] the most attention." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). This case is in its initial stages, and it is "too early in the proceedings for the Court to assess the merits of this action." McBride, 2021 WL 2077818, at *1. Accordingly, the Court denies Plaintiff's renewed request without prejudice.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's request for appointment of *pro bono* counsel is DENIED without prejudice. Additionally, Plaintiff is to file an amended complaint by no later than October 31, 2025.

The Clerk of Court is respectfully requested to: (1) update Plaintiff's address to that in Dkt. No. 33 at 1; and (2) mail copies of the following to Plaintiff: Dkt. No. 23 (H + H's June 26, 2025 response to the Valentin order); Dkt. No. 24 (the District Court's June 27, 2025 order); Dkt. No. 27 (the Court's July 1, 2025 order); Dkt. No. 32 (the City's August 4, 2025 response to the Valentin order); and this order.

SO ORDERED.

DATED:     New York, New York
           September 18, 2025

JENNIFER E. WILLIS
United States Magistrate Judge