UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZION ALEXANDER,

Plaintiff,

v.

THE CITY OF NEW YORK, *et al.*,

Defendants.

25-CV-284 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Zion Alexander, proceeding *pro se*, brings this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On December 20, 2024, while detained at Rikers Island, Plaintiff filed a complaint in the Eastern District of New York. *See* Dkt. 1 (Compl.). The case was transferred to this District on January 13, 2025. *See* Dkt. 4. On May 29, 2025, the Court issued a *Valentin* order directing the named Defendants to ascertain the identities of the "John Doe" Defendants identified in the Complaint. Dkt. 21 (May 29, 2025 Order). In response to that Order, the City of New York identified the "John Doe" Defendants on August 4, 2025. Dkt. 32 (Defs.' Aug. 4, 2025 Letter). On August 11, 2025, Plaintiff filed a letter requesting "a pro bono lawyer for all cases." Dkt. 33 (Pl.'s Aug. 11, 2025 Letter). On September 18, 2025, Magistrate Judge Willis, to whom the case was assigned for general pretrial purposes, denied Plaintiff's request for appointment of pro bono counsel and directed him to file an amended complaint naming the newly identified Defendants by October 31, 2025. Dkt. 37 (Sept. 18, 2025 Order). Plaintiff failed to do so. On April 23, 2026,

Judge Willis issued another order, again directing Plaintiff to file an amended complaint, this time by June 5, 2026. Dkt. 38 (Apr. 23, 2026 Order). Plaintiff again failed to do so.

On July 22, 2026, the Court issued an order advising Plaintiff that he shall have until September 3, 2026, to file amended complaint. Dkt. 42 (July 22, 2026 Order). The Court warned that "[i]f Plaintiff does not do so, the Court will dismiss this case for failure to prosecute," and that no further extensions would be granted absent good cause. *Id.* To date, Plaintiff has not filed an amended complaint or otherwise communicated with the Court since his August 2025 letter.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim

should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

**DISCUSSION**

Most of the factors cited above weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant. Plaintiff has not communicated with the Court since his August 2025 letter, more than a year ago, despite the Court's repeated orders directing him to file an amended complaint. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that his failure to comply would result in dismissal. The Court's July 22, 2026 Order explicitly warned Plaintiff that it "will dismiss this case" if he failed to file an amended complaint by September 3rd. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard. Indeed, the Court gave Plaintiff multiple opportunities to file an amended complaint and, most recently, afforded him one final opportunity to do so before dismissal. Fourth,

this case has been pending for more than twenty-one months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minimal. Despite the length of time this case has been pending, the record does not indicate that Defendants have had any substantive involvement in the case beyond responding to the Court's *Valentin* Order and requesting dismissal. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket. The Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

**CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: September 22, 2026
New York, New York

Hon. Ronnie Abrams
United States District Judge